Submitted on briefs June 16, reversed and dismissed June 26, 1917.

## BUSTER *v.* MARION COUNTY.

### (165 Pac. 1168.)

**Infants—Mother's Pension—Dependency of Children.**

1. Under Mothers' Pension Act, Laws 1913, page 75, Section 4, providing that the act shall not apply to a child having property of its own sufficient for its support, and Section 1346, L. O. L., providing for sale of minors' real estate when necessary for their support, where children were left by their father 80 acres of uncultivated land subject to their mother's dower interest, she was not entitled to benefits of the Pension Act until such land had been disposed of according to law and the proceeds exhausted in caring for the children.

> [As to right to sell infant's real estate for education or maintenance when parents are able to provide for him, see note in Ann. Cas. 1914B, 276.]

From Marion: WILLIAM GALLOWAY, Judge.

Application of Grace E. Buster for the support of two minor children under the Mother's Pension Act. From an allowance of $17.50 per month made by the

Circuit Court, the defendant Marion County appealed. Reversed and application dismissed.

In Banc.    Statement by MR. JUSTICE BENSON.

The Juvenile Court of Marion County made an order allowing plaintiff a pension of ten dollars a month for the support of herself and two children, both under the age of sixteen years, under the provisions of what is known as the Mothers' Pension Act, Chapter 42, Laws 1913, as amended by Chapter 90, Laws 1915. From this order plaintiff appealed to the Circuit Court, contending that the Juvenile Court erred in finding that the children were not wholly dependent upon the labor of the mother for their support by reason of the fact that she owned a half-acre tract of land about three miles east of Salem with a dwelling-house and other buildings thereon and, in addition to a vegetable garden, kept chickens. Upon a trial in the Circuit Court, a decree was entered allowing plaintiff a pension of $17.50 per month, dating from May 4, 1916, the date of her first application, and the county appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED AND DISMISSED.

For appellant there was a brief over the names of *Mr. Max Gehlhar,* District Attorney, and *Mr. James G. Heltzel,* Deputy District Attorney.

For respondent there was a brief over the names of *Mr. Frank A. Turner* and *Mr. Rex A. Turner.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. From the application filed by the mother, it appears that her husband died January 7, 1914, leaving an

84 Or.—40

estate consisting of $1,288 in money derived from life insurance, and eighty acres of uncultivated land in Lincoln County; that $800 of this was expended by the widow in paying her husband's debts, and with the remainder she purchased the one-half acre upon which she resides. From the testimony given upon the trial in the Circuit Court, it appears that the eighty-acre tract was encumbered with a mortgage of $250 for borrowed money which was one of the debts paid by the widow, the land being now free from liens. This tract of land is the property of the children subject to the mother's dower interest. No effort has been made to convert this land into money. Section 4 of the statute involved reads thus:

"The provisions of this act shall not apply to any child which has property of its own sufficient for its support, nor to any child which does not reside with its mother": Chap. 42, Laws 1913.

Section 1346, L. O. L., provides for the sale of real estate belonging to minors when necessary for their support. The record does not disclose the market value of the land owned by the children in this case; but, until it is disposed of according to law and the proceeds exhausted in caring for the children, the plaintiff is not entitled to the benefits of the Pension Act. The decree of the Circuit Court must therefore be reversed and one entered here dismissing the application.        REVERSED AND DISMISSED.

MR. JUSTICE BURNETT and MR. JUSTICE MOORE took no part in the consideration of this case.